# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

THE TEACHING COMPANY, LLC,
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC d/b/a COMCAST
TECHNOLOGY SOLUTIONS, and
COMCAST CABLE COMMUNICATIONS,
LLC,

                      Plaintiffs,

v.                                    **JURY TRIAL DEMANDED**

SLING TV L.L.C. and
DISH TECHNOLOGIES L.L.C.,

                      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT

Plaintiffs The Teaching Company, LLC ("TTC"), Comcast Cable Communications Management, LLC d/b/a Comcast Technology Solutions, and Comcast Cable Communications, LLC (Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC, together "Comcast") (collectively, "Plaintiffs") allege for their Complaint against Defendants Sling TV L.L.C. ("Sling") and Dish Technologies L.L.C. ("Dish") (collectively, "Defendants") as follows:

## SUMMARY OF THE ACTION

1. One of the world's leading technology companies, Comcast provides the industry's leading products and services to its customers. Keenly focused on innovation,

Comcast rarely files litigation.  But Comcast will resolutely defend its customers when they face threats of patent litigation based on the services that Comcast offers.  As explained further below, that is the case here.

2. The Comcast customer at issue is TTC, a provider of streaming educational content.  TTC produces The Great Courses, a series of video and audio courses taught by prominent professors and other experts in their respective fields.  TTC has developed a catalog of more than 700 courses available through a streaming subscription platform.

3. Comcast provides a suite of technology and services that helps content providers such as TTC manage and publish video across platforms through Comcast's Cloud Video Platform, formerly known as "mpx" or thePlatform.  TTC contracts with Comcast to access certain services provided by the Cloud Video Platform to help power The Great Courses.

4. Dish and Sling have begun a litigation campaign asserting a portfolio of outdated patents that they themselves did not invent but have acquired.  As part of that effort, Dish and Sling accused TTC's The Great Courses streaming service of infringing four of their patents.  After receiving Defendants' threats, TTC explained to Defendants that it contracts with Comcast regarding its web services and that Defendants should speak to Comcast directly.  TTC even provided the contact information of a Comcast in-house lawyer with whom Defendants could speak further about their contentions.  However, Defendants continued to press their claims against TTC, a company a fraction of their size.

5. The Great Courses streaming service does not infringe any of the patents Defendants have identified.  However, Defendants' claims, allegations, and statements have created a cloud of uncertainty as to whether TTC and its use of Comcast's Cloud Video Platform

2

will be free from Defendants' infringement claims. To clear the cloud of Defendants' accusations, Comcast and TTC bring this suit to confirm that neither TTC's The Great Courses streaming service nor Comcast's support of that TTC service, or provision of the same support to other Comcast customers, infringe any claim of the patents that Defendants have asserted.

## NATURE OF THE ACTION

6. This action arises under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiffs seek relief because Defendants threatened to assert at least one claim of United States Patent Nos. 9,071,668 (the "'668 Patent"); 7,818,444 (the "'444 Patent"); 8,402,156 (the "'156 Patent"); and 9,407,564 (the "'564 Patent") (collectively the "Asserted Patents") against TTC.

## PARTIES

8. TTC is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in Chantilly, VA.

9. Comcast Cable Communications Management, LLC d/b/a Comcast Technology Solutions and Comcast Cable Communications, LLC are both Limited Liability Companies organized and existing under the laws of the State of Delaware with their principal places of business in Philadelphia, Pennsylvania.

10. Dish is a Colorado corporation with its principal place of business and headquarters at 9601 S. Meridian Boulevard, Englewood, CO 80112. Its registered agent is Timothy A. Messner, 9601 S. Meridian Blvd., Englewood, CO 80112.

11. Dish purports to be the sole owner of the Asserted Patents.

12. Sling is a Colorado corporation with its principle place of business and headquarters at 9601 S. Meridian Blvd., Englewood, CO 80112. Its registered agent is Timothy A. Messner, 9601 S. Meridian Blvd., Englewood, CO 80112.

13. Sling purports to be the exclusive licensee of the Asserted Patents to whom Dish has assigned all substantial rights in the Asserted Patents, including the rights to sue thereon.

## VENUE AND JURISDICTION

14. This is an action for declaratory relief under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

15. This Court has personal jurisdiction over Dish because Dish (1) is a Limited Liability Corporation organized and existing under the laws of this State; (2) maintains a registered agent for service of process in this State; and (3) maintains its principal places of business within this State.

16. This Court has personal jurisdiction over Sling because Sling (1) is a Limited Liability Corporation organized and existing under the laws of this State; (2) maintains a registered agent for service of process in this State; and (3) maintains its principal places of business within this State.

17. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(b).

18. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

## EXISTENCE OF AN ACTUAL CONTROVERSY

19. Plaintiffs reallege and incorporate by reference each of Paragraphs 1-18 above.

20. This Court has subject matter jurisdiction over Plaintiffs' declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Plaintiffs and Defendants.

21. The Asserted Patents are directed to systems and methods for multi-bitrate content streaming.

22. Defendants' counsel in correspondence has repeatedly accused TTC, Comcast's customer, of infringing the Asserted Patents via TTC's provision of The Great Courses streaming service.

23. On October 12, 2020, James Hanft, Dish's Vice President and Associate General Counsel, sent a letter to Paul Sujik, TTC's President and CEO, identifying the Asserted Patents, attaching claim charts detailing how TTC allegedly infringed the Asserted Patents, and requesting that TTC sign a non-disclosure agreement ("NDA") to discuss licensing.

24. On November 17, 2020, Defendants' outside counsel, Ali Dhanani, a partner at the law firm of Baker Botts LLP, wrote another letter to TTC reiterating that Defendants had "analyzed the streaming technology by The Teaching Company to its customers."  The Defendants reattached the "representative claim charts *detailing the infringement analysis*" (emphasis added).  Defendants claimed that they had "invested a considerable amount of time and effort into investigating these issues *and preparing this case*" (emphasis added).  Defendants requested that TTC inform them by December 4, 2020 if they could send TTC a draft NDA.

25. On December 3, 2020, TTC informed Defendants that TTC "contracts with Comcast regarding The Teaching Company's web services" and TTC invited Defendants to "contact Comcast directly . . . if you would like to discuss this matter further."  TTC provided the

5

name of the pertinent Comcast in-house lawyer and her contact information so that Defendants could expeditiously reach out to Comcast.

26. On January 14, 2021, Defendants again wrote to TTC. Defendants referenced their "claim charts detailing the infringement analysis for an exemplary claim of each of" the Asserted Patents. Defendants further declared that TTC "provides the infringing website client (https://www.thegreatcoursesplus.com/) offering the infringing materials and owns the domain that provides the same." Defendants again suggested that it would be beneficial for TTC to enter into an NDA and provided a draft NDA for review.

27. Defendants' overtures to TTC appear to be part of a litigation campaign based on the Asserted Patents that Defendants initiated in 2018. Since that time, Defendants have filed suit against other providers of streaming media such as Univision Communications, Inc. in *DISH Technologies LLC et al v. Univision Communications Inc.* 1-19-cv-00144 (DDE), and Jadoo TV Inc. in *DISH Technologies LLC et al v. Jadoo TV, Inc.*, 5-18-cv-05214 (NDCA).

28. TTC contracts with Comcast to access and use certain products and services of Comcast's Cloud Video Platform in order to provide The Great Courses streaming service. The contract obligates Comcast to defend and indemnify TTC from and against third-party claims asserting that the Cloud Video Platform products or services infringe a U.S. patent.

29. Accordingly, Defendants' actions, including Defendants' litigation campaign asserting the Asserted Patents and their pattern of conduct with TTC, have made clear that Defendants intend to enforce the Asserted Patents against TTC and TTC's use of Comcast's Cloud Video Platform. These activities by Defendants have created a cloud of uncertainty over TTC and Comcast and their products and services, and have created a substantial, definite,

6

concrete, and immediate justiciable controversy between Plaintiffs and Defendants over whether TTC infringes any of the Asserted Patents by way of TTC's The Great Courses streaming service, or whether Comcast infringes any of the Asserted Patents by supporting that service or providing the same support to other Comcast customers.

## THE PATENTS

### U.S. Patent No. 7,818,444

30. The '444 Patent is titled "Apparatus, System, and Method for Multi-Bitrate Content Streaming." The '444 Patent states that it was issued to David F. Brueck of Saratoga Springs, UT, and Mark B. Hurst of Cedar Hills, UT. A true and correct copy of the '444 Patent is attached as Exhibit 1.

31. The original assignee of the '444 Patent identified on the patent's face is Move Networks, Inc. of American Fork, UT. Dish purports to be the owner of the '444 Patent by assignment of all right, title, and interest in the '444 Patent. Sling purports to be the exclusive licensee of the '444 Patent with the right to sue thereon.

### U.S. Patent No. 8,402,156

32. The '156 Patent is titled "Apparatus, System, and Method for Multi-Bitrate Content Streaming." The '156 Patent states that it was issued to David F. Brueck of Saratoga Springs, UT, and Mark B. Hurst of Cedar Hills, UT. A true and correct copy of the '156 Patent is attached as Exhibit 2.

33. The original assignee of the '156 Patent identified on the patent's face is DISH Digital L.L.C. of Englewood, CO. Dish purports to be the owner of the '156 Patent by

assignment of all right, title, and interest in the '156 Patent.  Sling purports to be the exclusive licensee of the '156 Patent with the right to sue thereon.

### U.S. Patent No. 9,071,668

34. The '668 Patent is titled "Apparatus, System, and Method for Multi-Bitrate Content Streaming."  The '668 Patent states that it was issued to David F. Brueck of Saratoga Springs, UT, and Mark B. Hurst of Cedar Hills, UT.  A true and correct copy of the '668 Patent is attached as Exhibit 3.

35. The original assignee of the '668 Patent identified on the patent's face is EchoStar Technologies L.L.C. of Englewood, CO.  Dish purports to be the owner of the '668 Patent by assignment of all right, title, and interest in the '668 Patent.  Sling purports to be the exclusive licensee of the '668 Patent with the right to sue thereon.

### U.S. Patent No. 9,407,564

36. The '564 Patent is titled "Apparatus, System, and Method for Adaptive-Rate Shifting of Streaming Content."  The '564 Patent states that it was issued to Robert Drew Major of Orem, UT, and Mark B. Hurst of Cedar Hills, UT.  A true and correct copy of the '564 Patent is attached as Exhibit 4.

37. The original assignee of the '564 Patent identified on the patent's face is EchoStar Technologies L.L.C.  Dish purports to be the owner of the '564 Patent by assignment of all right, title, and interest in the '564 Patent.  Sling purports to be the exclusive licensee of the '564 Patent with the right to sue thereon.

# CAUSES OF ACTION

## COUNT I

DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,818,444

38. Plaintiffs reallege and incorporate by reference each of Paragraphs 1-37 above.

39. TTC and Comcast have not infringed and do not infringe any claim of the '444 Patent, either directly or indirectly, literally, or under the doctrine of equivalents, by making, using, offering for sale, or selling The Great Courses or the Cloud Video Platform products and services used to provide The Great Courses.

40. For example, neither TTC nor Comcast segments multiple copies of video content. Rather, Comcast transmits copies of content to a third party. On information and belief, the third party performs just-in-time packaging of requested content, which segments only a portion of one of the copies on demand rather than pre-segmenting the entirety of every copy of the video content. Accordingly, The Great Courses streaming service accused of infringement in the chart attached to Defendants' November 17, 2020 correspondence does not infringe at least because it does not meet the following claim limitations:

- "a streamlet module configured to segment the media content received videos to generate for each a plurality of sequential raw streamlets that collectively store data to playback the entire video and that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire duration of the corresponding video" of claim 1;

- "a streamlet module configured to segment the received videos to generate for each a plurality of sequential raw streamlets that collectively store data to playback the entire video and that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire duration of the corresponding video" of claim 14;

- "segmenting the single video and generating a plurality of sequential raw streamlets that collectively store data to playback the entire video and that

9

individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire duration of the corresponding video" of claim 24;

- "segmenting the single video and generating a plurality of sequential raw streamlets that collectively store data to playback the entire video and that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire duration of the corresponding video" of claim 31; and

- "means for segmenting the single video and generating a plurality of sequential raw streamlets that collectively store data to playback the entire video and that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire duration of the corresponding video" of claim 35.

41. As set forth above, an actual and live justiciable controversy exists between Plaintiffs and Defendants with respect to alleged infringement of the '444 Patent and this controversy is likely to continue.

42. Accordingly, Plaintiffs seek a declaration that TTC does not infringe any claim of the '444 Patent and that Comcast does not infringe any claim of the '444 Patent by supporting TTC's The Great Courses streaming service or providing the same support to other customers.

## COUNT II

DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,402,156

43. Plaintiffs reallege and incorporate by reference each of Paragraphs 1-42 above.

44. TTC and Comcast have not infringed and do not infringe any claim of the '156 Patent, either directly or indirectly, literally, or under the doctrine of equivalents, by making, using, offering for sale or selling The Great Courses or the Cloud Video Platform products and services used to provide The Great Courses.

45.     For example, neither TTC nor Comcast segments multiple copies of video content.  Rather, Comcast transmits copies of content to a third party.  On information and belief, the third party performs just-in-time packaging of requested content, which segments only a portion of one of the copies on demand rather than pre-segmenting the entirety of every copy of the video content.  Accordingly, The Great Courses streaming service accused of infringement in the chart attached to Defendants' November 17, 2020 correspondence does not infringe at least because it does not meet the following claim limitations:

- "a same single video each encoded at a different bit rate and each divided into a plurality of streamlets that collectively store data to playback the entire video but that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire playback duration of the single video" of claim 1;

- "creating a plurality of different copies of the same selected video, wherein each of the different copies is encoded at a different bit rate and is divided into a plurality of streamlets that collectively store data to playback the entire video but that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire duration of the selected video" of claim 15;

- "a plurality of different copies of the same selected video each encoded at a different bit rate and each divided into a plurality of streamlets that collectively store data to playback the entire video but that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire playback duration of the selected video" of claim 20;

- "a streamlet module configured to segment videos to generate for each a plurality of sequential raw streamlets that collectively store data to playback the entire video and that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire duration of the corresponding video" of claim 22; and

- "segmenting a single video and generating a plurality of sequential raw streamlets that collectively store data to playback the entire video and that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire duration of the corresponding video" of claim 23.

46. As set forth above, an actual and live justiciable controversy exists between Plaintiffs and Defendants with respect to alleged infringement of the '156 Patent and this controversy is likely to continue.

47. Accordingly, Plaintiffs seek a declaration that TTC does not infringe any claim of the '156 Patent and that Comcast does not infringe any claim of the '156 Patent by supporting TTC's The Great Courses streaming service or providing the same support to other customers.

**COUNT III**

DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,071,668

48. Plaintiffs reallege and incorporate by reference each of Paragraphs 1-47 above.

49. TTC and Comcast have not infringed and do not infringe any claim of the '668 Patent, either directly or indirectly, literally, or under the doctrine of equivalents, by making, using, offering for sale or selling The Great Courses or the Cloud Video Platform products and services used to provide The Great Courses.

50. For example, neither TTC nor Comcast segments multiple copies of video content. Rather, Comcast transmits copies of content to a third party. On information and belief, the third party performs just-in-time packaging of requested content, which segments only a portion of one of the copies on demand rather than pre-segmenting the entirety of every copy of the video content. Accordingly, The Great Courses streaming service accused of infringement in the chart attached to Defendants' November 17, 2020 correspondence does not infringe at least because it does not meet the following claim limitations:

- "wherein a plurality of different copies of a same single video is stored on the storage device, each of the different copies encoded at a different bit rate and each divided into a plurality of streamlets that collectively store data to playback the entire video but that individually store data to playback only a portion that starts

at a unique time index and whose duration is less than the entire playback duration of the single video" of claim 1;

- "wherein a storage device stores a plurality of different copies of the same selected video each encoded at a different bit rate and each divided into a plurality of streamlets that collectively store data to playback the entire video but that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire playback duration of the selected video" of claim 15; and

- "wherein the video server accesses a plurality of different copies of the same selected video each encoded at a different bit rate and each divided into a plurality of segments that collectively store data to playback the entire video but that individually store data to playback only a portion that starts at a unique time index and whose duration is less than the entire playback duration of the selected video" of claim 16.

51. As set forth above, an actual and live justiciable controversy exists between Plaintiffs and Defendants with respect to alleged infringement of the '668 Patent and this controversy is likely to continue.

52. Accordingly, Plaintiffs seek a declaration that TTC does not infringe any claim of the '668 Patent and that Comcast does not infringe any claim of the '668 Patent by supporting TTC's The Great Courses streaming service or providing the same support to other customers.

## COUNT IV

DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,407,564

53. Plaintiffs reallege and incorporate by reference each of Paragraphs 1-52 above.

54. TTC and Comcast have not infringed and do not infringe any claim of the '564 Patent, either directly or indirectly, literally, or under the doctrine of equivalents, by making, using, offering for sale or selling The Great Courses or the Cloud Video Platform products and services used to provide The Great Courses.

55. For example, neither TTC nor Comcast segments multiple copies of video content. Rather, Comcast transmits copies of content to a third party. On information and belief, the third party performs just-in-time packaging of requested content, which segments only a portion of one of the copies on demand rather than pre-segmenting the entirety of every copy of video content. Accordingly, The Great Courses streaming service accused of infringement in the chart attached to Defendants' November 17, 2020 correspondence does not infringe at least because it does not meet the following claim limitations:

- "wherein multiple different copies of the video encoded at different bit rates are stored on the video server as multiple sets of files, wherein each of the files yields a different portion of the video on playback, wherein the files across the different copies yield the same portions of the video on playback, and wherein each of the files comprises a time index such that the files whose playback is the same portion of the video for each of the different copies have the same time index in relation to the beginning of the video" of claim 1; and

- "wherein multiple different copies of the video encoded at different bit rates are stored as multiple sets of files on the server, wherein each of the files yields a different portion of the video on playback, wherein the files across the different copies yield the same portions of the video on playback, and wherein each of the files comprises a time index such that the files whose playback is the same portion of the video for each of the different copies have the same time index in relation to the beginning of the video" of claim 8.

56. As set forth above, an actual and live justiciable controversy exists between Plaintiffs and Defendants with respect to alleged infringement of the '564 Patent and this controversy is likely to continue.

57. Accordingly, Plaintiffs seek a declaration that TTC does not infringe any claim of the '564 Patent and that Comcast does not infringe any claim of the '564 Patent by supporting TTC's The Great Courses streaming service or providing the same support to other customers.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered in their favor and pray for:

a) A judgment and declaration that TTC does not infringe any claim of U.S. Patent No. 7,818,444 directly, contributorily, or by inducement, and that Comcast does not infringe any claim of U.S. Patent No. 7,818,444 directly, contributorily, or by inducement, by supporting TTC's The Great Courses streaming service or providing the same support to other customers;

b) A judgment and declaration that TTC does not infringe any claim of U.S. Patent No. 8,402,156 directly, contributorily, or by inducement, and that Comcast does not infringe any claim of U.S. Patent No. 8,402,156 directly, contributorily, or by inducement, by supporting TTC's The Great Courses streaming service or providing the same support to other customers;

c) A judgment and declaration that TTC does not infringe any claim of U.S. Patent No. 9,071,668 directly, contributorily, or by inducement, and that Comcast does not infringe any claim of U.S. Patent No. 9,071,668 directly, contributorily, or by inducement, by supporting TTC's The Great Courses streaming service or providing the same support to other customers;

d) A judgment and declaration that TTC does not infringe any claim of U.S. Patent No. 9,407,564 directly, contributorily, or by inducement, and that Comcast does not infringe any claim of U.S. Patent No. 9,407,564 directly, contributorily, or by inducement, by supporting TTC's The Great Courses streaming service or providing the same support to other customers;

e) An injunction against Defendants and their affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert with Defendants from charging infringement, instituting, or continuing any legal or administrative action alleging infringement of the Asserted Patents, against TTC, Comcast, or anyone acting in privity with TTC or

Comcast, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors and customers of TTC or Comcast, relating to TTC's The Great Courses streaming service, the service Comcast provides supporting TTC's The Great Courses streaming service, or Comcast's provision of the same support to other customers;

   f) A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to an award of their reasonable attorneys' fees, expenses, and costs in this action;

   g) An award to Plaintiffs of their costs, attorneys' fees, and reasonable expenses of litigation to the fullest extent permitted by law; and

   h) Such further equitable or other relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: March 11, 2021 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ David Stauss*
　　　　　　　　　　　　　　　　　　　　David Stauss
　　　　　　　　　　　　　　　　　　　　HUSCH BLACKWELL LLP
　　　　　　　　　　　　　　　　　　　　1801 Wewatta Street, Suite 1000
　　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　　Telephone:　　(303) 749-7200
　　　　　　　　　　　　　　　　　　　　Facsimile: :　　(303) 749-7272
　　　　　　　　　　　　　　　　　　　　david.strauss@huschblackwell.com

　　　　　　　　　　　　　　　　　　　　**OF COUNSEL:**
　　　　　　　　　　　　　　　　　　　　Ashok Ramani
　　　　　　　　　　　　　　　　　　　　David J. Lisson
　　　　　　　　　　　　　　　　　　　　Gareth E. DeWalt
　　　　　　　　　　　　　　　　　　　　Natalie Cha
　　　　　　　　　　　　　　　　　　　　DAVIS POLK & WARDWELL LLP
　　　　　　　　　　　　　　　　　　　　1600 El Camino Real
　　　　　　　　　　　　　　　　　　　　Menlo Park, CA 94025
　　　　　　　　　　　　　　　　　　　　Telephone:　　(650) 752-2000
　　　　　　　　　　　　　　　　　　　　Facsimile:　　(650) 752-2111
　　　　　　　　　　　　　　　　　　　　ashok.ramani@davispolk.com
　　　　　　　　　　　　　　　　　　　　david.lisson@davispolk.com
　　　　　　　　　　　　　　　　　　　　gareth.dewalt@davispolk.com
　　　　　　　　　　　　　　　　　　　　natalie.cha@davispolk.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*